IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

KRISTOPHER PAUL TORGERSON,

Plaintiff,

v.

LAW&CRIME PRODUCTIONS, LLC,

Defendant.

OPINION and ORDER

25-cv-835-jdp

---

In response to a screening order, plaintiff Kristopher Paul Torgerson brings a second amended complaint in which he alleges that defendant Law&Crime Productions, LLC livestreamed his criminal trial, which possibly allowed sequestered witnesses to hear other witnesses' testimony. Torgerson, who is incarcerated at Stanley Correctional Institution, seeks relief under 42 U.S.C. § 1983. Torgerson is proceeding without counsel.

Torgerson proceeds without prepaying the filing fee, so I must screen the second amended complaint under 28 U.S.C. § 1915(e)(2)(B) and dismiss any part of it that is frivolous or malicious, fails to state a plausible claim for relief, or seeks money damages from an immune defendant. I must accept Torgerson's allegations as true and construe them generously, holding the second amended complaint to a less stringent standard than one a lawyer drafts. *Arnett v. Webster*, 658 F.3d 742, 751 (7th Cir. 2011). I will dismiss the second amended complaint with prejudice for failure to state a plausible claim for relief, and I will assess a strike pursuant to 28 U.S.C. § 1915(g).

ALLEGATIONS OF FACT

The allegations of facts are drawn from the second amended complaint, as supplemented by the docket sheet in Marathon County case no. 2014CF860. On March 24, 2017, in the '860 case, a jury convicted Torgerson of first-degree intentional homicide and hiding a corpse. On June 8, 2017, the trial court sentenced Torgerson to life in prison. During Torgersons's trial, the trial court granted his motion for sequestration of witnesses pursuant to Wis. Stat. § 906.15.

Law&Crime Productions filmed the trial proceedings without requesting authorization to film pursuant to Wisconsin Supreme Court Rule 61.02. Law&Crime broadcast the proceedings on YouTube and other internet platforms. As a result, the testimony of every sequestered witness was immediately made publicly available. Law&Crime did not provide viewers with notice of the sequestration order or take any other measures to protect the order.

Torgerson did not discover the unauthorized livestreaming of the trial proceedings until 2022 because he has been continuously incarcerated since his trial without access to the internet or social media. Torgerson only learned about the livestreaming when his wife started to research his case.

ANALYSIS

**A. Federal-law claims**

**1. State action requirement**

Torgerson brings claims under the Sixth and Fourteenth Amendments. There is a preliminary problem: Law&Crime is not a state actor.

Section 1983 creates a private right of action for the violation of one's constitutional rights. *See Rehberg v. Paulk*, 566 U.S. 356, 361 (2012). To state a claim under § 1983, a plaintiff must allege that he was deprived of a constitutional right and that the deprivation was committed by a person acting under color of state law. *Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 49–50 (1999); *Howell v. Wexford Health Sources, Inc.*, 987 F.3d 647, 653 (7th Cir. 2021). "Because § 1983 actions may only be maintained against defendants who act under color of state law, the defendants in § 1983 cases are usually government officials [i.e., state actors]." *See London v. RBS Citizens, N.A.*, 600 F.3d 742, 746 (7th Cir. 2010). A nongovernmental organization may be a state actor under § 1983 if there is a close enough connection between the state the organization's actions that the organization's actions "may be fairly treated as that of the [s]tate itself." *See Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 823 (7th Cir. 2009).

Torgerson alleges that Law&Crime is a limited liability company, and he alleges no facts even suggesting that there is a close enough connection between it and the state of Wisconsin to make Law&Crime a state actor. I will not allow Torgerson to proceed against Law&Crime on his federal claims because he has not plausibly alleged that it is a state actor.

But even if Law&Crime were a state actor, Torgerson hasn't stated a plausible claim for relief on the merits of his claims. Torgerson alleges that Law&Crime violated the Sixth and Fourteenth Amendments. Torgerson's theory of relief is that because Law&Crime livestreamed his trial, "full verbatim testimony of every sequestered witness was made immediately and publicly available on the internet to every over sequestered witness." Dkt. 18 ¶ 13. As a result, any "sequestered witness could watch the testimony of every other witness . . . before testifying." *Id.* But Torgerson has not alleged any facts plausibly suggesting that any

sequestered witness at his trial heard the testimony of another witness before the sequestered witness testified. Torgerson's pure speculation isn't enough to plausibly suggest that to be the case. To state a plausible claim for relief, Torgerson's "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). I will not allow Torgerson to proceed against Law&Crime on his federal claims because he has not plausibly alleged it violated his Sixth or Fourteenth Amendment rights.

**B. Potential state-law claims**

I can discern no viable state-law claim against Law&Crime for three primary reasons. First, Torgerson, an experienced litigator, alleges that his claims arise under federal law only. Dkt. 18 at 9.

Second, Torgerson hasn't plausibly alleged a basis for the court to exercise jurisdiction over a potential state-law claim. Without a federal claim, diversity jurisdiction would be the only basis for jurisdiction over a potential state-law claim. District courts have subject-matter jurisdiction over civil actions where the matter in controversy exceeds $75,000 and is between citizens of different states. 28 U.S.C. § 1332(a)(1). "[T]he citizenship of an LLC for purposes of the diversity jurisdiction is the citizenship of its members." *Cosgrove v. Bartolotta*, 150 F.3d 729, 731 (7th Cir. 1998). Torgerson has the burden to allege a basis for diversity citizenship. *See Sykes v. Cook Inc.*, 72 F.4th 195, 205 (7th Cir. 2023).

Torgerson hasn't identified Law&Crime's members or their citizenship. *See* Dkt. 18 at 2; *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 373 (1978) ("[D]iversity jurisdiction does not exist unless *each* defendant is a citizen of a different State from *each* plaintiff." (emphasis in original)). But, even if none of Law&Crime's members has Wisconsin citizenship, Torgerson hasn't alleged that the amount in controversy is satisfied. *See* Dkt. 18 at 9.

Third, Torgerson's allegations don't suggest that the state laws that he contends Law&Crime violated create private rights of action. Under Wisconsin law, a private right of action is created only when: (1) the language or the form of the statute shows the legislature's intent to create a private right of action; and (2) the statute establishes private civil liability rather than merely providing for protection of the public. *Grube v. Daun*, 210 Wis. 2d 681, 689 (1997). Torgerson alleges that Law&Crime violated a Wisconsin evidentiary rule and state supreme court rules governing media access to trial proceedings. Facially, these provisions don't suggest any intention to create a private right of action, and I found no authority, controlling or otherwise, holding that either provision has that effect.

## CONCLUSION

When a plaintiff proceeds without counsel, the court of appeals has cautioned against dismissing his case without giving him a chance to amend the complaint. *Felton v. City of Chicago*, 827 F.3d 632, 636 (7th Cir. 2016). But leave to amend doesn't have to be granted if it's clear that further amendment would be futile. *Bogie v. Rosenberg*, 705 F.3d 603, 608 (7th Cir. 2013).

Torgerson has amended his complaint twice, the second time in response to a court order. Torgerson has had ample opportunity to clarify the factual basis of his claims. It's clear that he has no plausible factual basis to proceed on his federal-law claims, or on a potential state-law claim. Further leave to amend would be futile, so I will dismiss the second amended complaint without leave to amend. I will also impose a strike pursuant to 28 U.S.C. § 1915(g).

ORDER

IT IS ORDERED that:

1. Plaintiff Kristopher Paul Torgerson's second amended complaint, Dkt. 18, is DISMISSED with prejudice for failure to state a plausible claim for relief.

2. A strike is to be recorded pursuant to 28 U.S.C. § 1915(g).

3. The clerk of court is directed to enter judgment and close the case.

Entered May 18, 2026.

BY THE COURT:

/s/

_____

JAMES D. PETERSON
District Judge